**William CAGLE, Appellant,**

v.

**Frank W. SCROGGINS, Trustee, Appellee.**

**No. 25917.**

United States Court of Appeals Fifth Circuit.

April 1, 1969.

LeRoy C. Hobbs, Carpenter & Karp, Atlanta, Ga., for appellant.

Samuel J. Zusmann, Jr., Morris W. Macey, Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

RIVES, Circuit Judge:

Cagle, president and sole stockholder of a bankrupt used car agency, appeals from two orders of the district court holding him in contempt for failure to turn over certain financial records which had originally been in his possession. By order of January 19, 1968, the district judge, after a hearing at which Cagle testified, fined him $500 a day until he produced the records or until January 29, 1968; by order of January 29, 1968, following a second "hearing," Cagle was fined the cumulative $5,000 accrued under the original order and committed to the custody of the U. S. Marshal. Cagle is presently released on $15,000 bond pending appeal.[1]

Cagle, asserting a right to remain silent based on the Fourth and Fifth Amendments to the U. S. Constitution, refused to disclose the location of his books and records to the Referee in a formal bankruptcy proceeding. He was ordered to deliver them within 48 hours of November 20, 1967. At the January 19, 1968 proceeding to enforce the Referee's turnover order, Cagle was ordered to produce the same financial records. He took the stand in his own behalf and testified that (1) he did not then have in his possession the records sought, (2) he had left them in his agency office on October 13, 1967, when he ceased doing business, and (3) he discovered them to be missing when he returned to his business office approximately two weeks later. The Trustee offered no

---

1. The Trustee originally asked the court to consolidate the instant appeal with another appeal involving a turnover order for $50,000 from the sale of corporate assets (35 plus automobiles), arising out of the same bankruptcy proceeding. The motion for consolidation with Misc. No. 1098 was granted July 12, 1968. Subsequently on October 7, 1968, the appeal in Misc. No. 1098 was dismissed for want of prosecution pursuant to Local Rule 9(b).

evidence to show Cagle *presently* had the records in his possession.

The question to be decided is whether a bankrupt who testifies under oath that he no longer has present possession of the records sought in a bankruptcy proceeding may be found guilty of contempt of court for failure to turn over such records, notwithstanding the complete absence of any proof of continued possession offered by the Trustee.

This case appears to be controlled by the Supreme Court decisions in Maggio v. Zeitz, 1948, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476, and Oriel v. Russell, 1929, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419, which held, *inter alia,* the burden is on the Trustee to prove continued possession by "clear and convincing" evidence. *See* First National Bank of Clinton v. Julian, 8 Cir. 1967, 383 F.2d 329, 333. *See generally,* 1 Collier on Bankruptcy ¶ 2.58[2], pp. 314–315 (14th ed. 1968); 2 Collier, *supra,* ¶ 23.10[2], pp. 561–574. Cf. Brotherhood of Loc. Fire. and Eng. v. Bangor & Aroostook R. Co., 1967, 127 U.S.App.D.C. 23, 380 F.2d 570, 578 (same principle applied to labor records turnover order).

The *Maggio* court, explaining *Oriel,* noted:

"[T]he authorities relied upon in Chief Justice Taft's opinion make it clear that his decision did not contemplate that a coercive contempt order should issue when it appears that there is at that time no wilful disobedience but only an incapacity to comply."

333 U.S. at 72–73, 68 S.Ct. at 409. Immediately thereafter, the Court in *Maggio* framed the question controlling this type of case:

" 'The sole question is whether the bankrupt is presently able to comply with the turnover order previously made and, accordingly, whether he is disobeying that order * * *.' [citations omitted] The cumulative effect of these authorities seems clearly to be that, while a bankrupt's denial of present possession, standing alone, may not be sufficient to establish his

inability to produce the property or its proceeds, if the Court is satisfied, *from all the evidence* properly before it, that the bankrupt has not the present ability to comply, the commitment order should not issue."

333 U.S. at 73 n. 6, 68 S.Ct. at 410 (emphasis added).

It would seem that, since the Trustee did not even attempt to show by "clear and convincing" evidence that Cagle still retained possession of the records sought, it was improper for the Court (even on the basis of its probable disbelief of Cagle's own story) to fine and commit him as it did in its orders of January 19 and 29, 1968.

The judgments of January 19 and 29 are reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.